## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| HYDENTRA, L.P. HLP GENERAL PARTNER, INC, a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART | CASE NO. _____ |
| Plaintiffs, | |
| vs. | |
| ERA TECHNOLOGIES, LTD, a British Virgin Islands company, individually and d/b/a DRTUBER.COM and d/b/a Drtst.com;  IGOR KOVALCHUK, individually and d/b/a DRTUBER.COM and d/b/a Drtst.com; WEBZILLA INC.; WZ COMMUNICATIONS INC.; and John Does 1-20, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL

Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart (hereinafter referred to as "Plaintiffs") by and through its counsel, file this complaint against Defendants Era Technologies, Ltd., individually and d/b/a Drtuber.com and d/b/a Drtst.com, Igor Kovalchuk, Webzilla, Inc, WZ Communications Inc., and the Doe Defendants (collectively hereinafter referred to as "Defendant" or "Defendants").

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 35

## JURISDICTION AND VENUE

1.     Plaintiff Hydentra L.P. HLP General Partner, Inc. is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

2.     Plaintiff Hydentra HLP Int. Limited is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

3.     Plaintiff Hydentra L.P. is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

4.     Defendant Era Technologies, Ltd. is, upon information and belief, a company organized and existing under the laws of the British Virgin Islands. Upon information and belief, in conjunction with the other Defendants, Era Technologies owns and operates Drtuber.com and Drtst.com, Internet web sites that display and distribute adult oriented videos, photographs, content, and services.

5.     Upon information and belief, Defendant Igor Kovalchuk is a resident of the British Virgin Islands.  Upon information and belief, Defendant Kovalchuk directs, controls, and/or assists in determining the content on Drtuber.com and Drtst.com.

6.     Defendant Webzilla, Inc., is a Florida based company that provides hosting and other services for Drtuber.com and Drtst.com.  Webzilla Inc. is hosting Drtuber.com on a server in Aventura, Florida and Drtst.com on a server in Goleta, California. Based on information and belief, Defendant Webzilla Inc., directs, controls, and/or assists in determining content on Drtuber.com and Drtst.com. Specifically, Constantin Luchian serves as the registered agent and separately as the DMCA agent for Defendant Webzilla, Inc., and serves as the DMCA agent for Defendant Era Technologies. Based on information and belief, Constantin Luchian serves as an executive for Defendant Webzilla, Inc.

BeharBehar ⬥ 1840 North Commerce Parkway ⬥ Suite One ⬥ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

2 of 35

7.      Defendant WZ Communications Inc. is a Florida based company that provides hosting and other services for Drtuber.com and Drtst.com. WZ Communications Inc. is hosting Drtuber.com on a server in Aventura, Florida and Drtst.com on a server in Goleta, California. Based on information and belief, Defendant WZ Communications Inc., directs, controls, and/or assists in determining content on Drtuber.com and Drtst.com. Specifically, Constantin Luchian and his Florida based company Incorporate Now serves as the registered agent and DMCA agent for Defendant WZ Communications, Inc. and serves as the DMCA agent for Defendant Era Technologies. Based on information and belief, Constantin Luchian serves as an executive for both Defendants WZ Communications, Inc. and Webzilla, Inc.

8.      Defendants contract with United States advertisers, which use geotracking to target advertisements directly into districts throughout the entire United States, including Florida.

9.      Defendants utilize an agent in Florida for purposes of receiving cease and desist, or takedown, notices regarding infringement of intellectual property on their web site Drtuber.com.

10.     Defendants, by and/or though subsidiaries, contract with Florida based companies and individuals to deliver content for their web properties.

11.     Defendants specifically target Internet users throughout the entire United States, including Florida.

12.     Defendants Utilize "RTA" (Restricted to Adults), a self-labeling service owned by The Association of Sites Advocating Child Protection (ASACP), located in Los Angeles, California. This United States based service is utilized to assist in promoting Defendants' sites as legitimate lawful adult entertainment web sites.

13.     Upon information and belief, the Defendants all transact business in this Judicial District by way of their interactive websites, offices, business operations, and through their

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

3 of 35

interactivity with subscription based and non-subscription based Florida members who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

14. The Court has personal jurisdiction over the Defendants, foreign companies and individuals who have engaged in business activities in and directed to the United States and this district, and have committed tortious acts within the United States and this district or directed at the United States and this district.

15. Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

16. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

17. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

18. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

19. The named Plaintiffs are the rightful copyright, trademark and intellectual property owners of the respective United States copyrights, trademarks and intellectual property that are the basis for this action.

20. Plaintiffs, more commonly known as the MetArt Network of adult entertainment properties, is a group of erotic websites that explore and deliver sensuality and sexuality through

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

4 of 35

artistic photography, video, erotic stories, and through articles about beauty, culture, and nudity. These websites include MetArt.com, SexArt.com, Errotica-Archives.com, EroticBeauty.com, TheLifeErotic.com, RylskyArt.com, ALSScan.com, VivThomas.com, EternalDesire.com, Stunning18.com, HollyRandall.com, domai.com, goddessnudes.com, and bbfilms.com. Since 1999, Plaintiffs have grown their trademark brands into a globally recognized leader of sensual art garnering numerous industry awards through the use of studios around the globe, exotic locations, high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

21.     The MetArt library is comprised of exclusive content that features over 5000 models shot by 250 photographers/directors including such notables as Vivian Thomas and the late Zalman King, who also brought Hollywood films such as Wild Orchid, Two Moon Junction, 9 ½ Weeks, and the Showtime network groundbreaking series Red Shoes Diaries.

22.     The MetArt websites are paid membership sites.  MetArt engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to MetArt affiliates for the sole purpose of the affiliates' promoting MetArt property.  Any licensing is done with the intent for brand exposure and is limited to a small subset of hand-selected content.  Predominantly, the MetArt business model is simply that a user must be a paid member to a MetArt site to view MetArt's works.

23.     Plaintiffs are the respective producer, distributor, and exclusive licensor of their own motion pictures in the United States as well as throughout the world.

24.     Plaintiffs have registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiffs have taken industry standard steps to identify its

products. Plaintiffs' videos and photographs are watermarked with Plaintiffs' readily identifiable logo.

25.     Plaintiffs' MetArt trademark and service mark have been continuously used in commerce since May 2002. U.S. Trademark Registration No. 3152759 was registered on October 10, 2006.

26.     Plaintiffs have expended considerable effort and expense in promoting their trademark and the goods sold under the trademark MetArt. As a result, the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment.

27.     Plaintiffs' SexArt trademark and service mark have been continuously used in commerce since April 2011. U.S. Trademark Registration No. 4191754 was registered on August 14, 2012.

28.     Plaintiffs have expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt. As a result, the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment.

29.     Defendant, Era Technologies Ltd., is an owner and/or operator of Drtuber.com and/or Drtst.com and/or is doing business as Drtuber.com and Drtst.com. Defendant, Igor Kovalchuk, is one of the directors and/or executives of the company and directs, controls, and/or assists in determining the content on Drtuber.com.

30.     Defendants, Webzilla Inc. and/or WZ Communications Inc., are financial beneficiaries and/or operators of Drtuber.com and/or Drtst.com. The Defendants and/or its assigns direct, control, and/or assist in determining the content displayed on Drtuber.com.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

6 of 35

31.     Defendants conduct business as Drtuber.com, operate the website, and derive direct financial benefit through the sales of advertising space on Drtuber.com, the value of which is directly attributed to the quality of videos posted on Drtuber.com.

32.     Defendants compete against Plaintiffs in the distribution, display, and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiffs.

33.     Defendants have registered Drtuber.com as an Internet Service Provider with the United States Copyright Office.  Defendants had appointed Constantin Luchian as Agent to receive copyright take down notices, as Defendants notified the U.S. Copyright Office.

34.     Defendants fail to honor take down notices delivered to Constantin Luchian, the then-appointed DMCA Agent.

35.     On Defendants web site Drtuber.com, Defendants fail to advise the site users of an actual agent appointed to receive copyright take down notices, stating only "Copyright Agent."

36.     Defendants fail to implement a reasonable repeat infringer policy.

37.     Defendants fail to qualify for safe harbor protections for copyright infringement liability under the Digital Millennium Copyright Act.

38.     The site Drtst.com has not designated any party to receive DMCA copyright take down notices, posted any information on its site, nor has it notified the U.S. Copyright Office.

39.     Does 1-20 are individuals or entities that own Drtuber.com and drtst.com, and/or act in concert with Drtuber.com and drtst.com, the true names and capacities of which are presently unknown to Plaintiff.  It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of the Doe defendants, along with the named defendants, jointly or severally, is responsible for the damages alleged herein.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

7 of 35

## STATEMENT OF FACTS

40.     Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true Internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

41.     The DMCA safe harbor provisions have been systematically abused by Internet copyright infringers in an attempt to garner protection for websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  Commonly, these websites attracted Internet user attention through the combination of offering free viewing of copyrighted materials and the unauthorized use of trademarks, providing the user a road to the free website through the use of these marks.

42.     Drtuber.com is such a website, displaying copyrighted adult entertainment content without authorization or license and utilizing trademarks without authorization in order to attract users, and distract them from the trademark owners' services.

43.     Defendants host adult entertainment videos and/or host embedded code for adult entertainment videos to permit a user to view the videos on Drtuber.com for free.

44.     Defendants sell advertising space on Drtuber.com in several forms, including advertising banners and links on space in close proximity to free videos, often geocentric. Further, upon information and belief, Defendants receive a revenue share of transactions generated from specific advertising locations including the "DOWNLOAD" and "Live Sex" buttons.

45.     Defendants offer a "download" button that once clicked transports the user to another site (drtuberpremium.pornstarnetwork.com) where they can join a membership site for a fee

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

8 of 35

under the guise that upon completion they can see and download the intended video in different formats including high definition and for mobile use.

46.    Defendants pay third parties known as affiliates for traffic to be sent to drtuber.com. Through its affiliate program, Defendants pay, at the time of the Complaint, $1.75 for every 1,000 unique visitors sent to drtuber.com.

47.    Videos on Drtuber.com may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

48.    Defendants place their mark, DRTUBER, on the copyrighted works owned by Plaintiff displayed on Defendants' sites.  This mark advertises the Defendants web property to all who view the video on Defendants site or on any shared location, where and when the video is displayed.

49.    Drtuber.com fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.  Specifically, while registered with the United States Copyright Office as an Internet Service Provider and appointing a registered DMCA Agent, the Defendants fail to honor the take-down notices sent to the DMCA Agent and fail to implement a reasonable repeat infringer policy.

50.    Drtst.com wholly fails to fulfill any requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.  Specifically, there is NO registration with the United States Copyright Office as an Internet Service Provider or the appointing a registered DMCA Agent.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

9 of 35

51.     In or about July 2015, and for an unknown time before and up to and including the present, Defendants' website Drtuber.com displayed Plaintiffs' 22 copyright registered works over 254 separate and distinct URLs  - each a part of Drtuber.com.  Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.  These works are purported by Defendants to have been uploaded by third party Internet users. These copyrighted works and their corresponding Drtuber.com page are listed in Exhibit A, attached hereto.

52.     On or about July 6, 2015 DMCA compliant take-down notices were delivered to the DMCA Agent appointed for Drtuber.com, Webzilla Inc, and WZ Communications Inc.

53.     As of the date of this filing, 13 copyright registered works are actively displayed on 111 links that were subject to the July DMCA Notices.

54.     The owner and operators of Drtuber.com ignored the take-down notices.

55.     Webzilla, Inc. ignored the take-down notices.

56.     WZ Communications, Inc. ignored the take-down notices.

57.     Defendants have also infringed Plaintiffs' registered trademarks.

58.     For Plaintiffs' videos and photographs that are displayed without authority on Drtuber.com, the Defendants have caused Plaintiffs' trademarks to be used in the meta tags and/or meta descriptions for the URL of the infringing video.

59.     A meta tag is an HTML (hypertext markup language) code embedded on a Web page that is used by the website owner to identify the site content.  Meta tags are powerful tools because they have a direct effect on the frequency with which many search engines will find a website.

60.     Meta tags and/or meta descriptions are used by Internet search engines as an indexing tool to determine which web sites correspond to search terms provided by a user.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

10 of 35

61.     Meta tags do not affect the appearance of a website and are not visible when you look at a Web page, but they provide information regarding the content of the site.

62.     Some websites use meta tags in a deceptive manner to lure Web surfers. Instead of using terms that properly describe the site; some programmers substitute the names of competing companies. For example, a rival shoe manufacturer may bury the meta tag "Nike" in its Web page to lure Web surfers searching for Nike products.  In the case of the website selling handmade watches, the meta tag might include "Rolex, Swatch, Bulova, Cartier."

63.     By using Plaintiffs' trademarks in Defendants' meta tags and/or meta descriptions, Defendants use Plaintiffs' trademarks in commerce and in connection with their promotions, sales, and advertising.

64.     The use of Plaintiffs' trademarks in Defendants' meta tags and/or meta descriptions is likely to cause confusion to the end users/consumers.

65.     For example, for many of the videos displayed without authority or license on Drtuber.com, "SexArt," a Plaintiffs trademark, is included in the meta tags and/or meta description. Therefore, a user utilizing an Internet search engine searching for "SexArt" will discover that Plaintiffs' videos can be viewed for free on Drtuber.com.  This will and does create confusion on behalf of the user that Drtuber.com is an authorized distributor of Plaintiffs' videos and, importantly, a belief that Plaintiffs' videos are available for free viewing.  This also directly steals a paying customer from Plaintiff and directs them to Defendant's site to the direct and sole benefit of Defendant.

66.     In or about July 2015, and for an unknown time before and up to the present, Defendants' website Drtuber.com utilized Plaintiffs' trademark "Metart" and/or Plaintiffs' trademark "Sexart" in the meta data for 110 separate and distinct URLs connected to Drtuber.com,

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

11 of 35

each displaying a separate and distinct copyright work belonging to Plaintiff. These web pages, each containing Plaintiffs' trademark in the meta data, are listed in Exhibit B. Defendants have no authority or license to utilize Plaintiffs' trademark on Drtuber.com.

67.     An Internet user searching for Metart or Sexart may likely discover Plaintiffs' videos on Drtuber.com. If this user desires to download the video or watch in High Definition or without advertisements, Defendants provide such options through its paid membership site Drtuber.com. Therefore, an Internet user seeking Plaintiffs' copyrighted works may actually end up paying the Defendants to view Plaintiffs' works.

68.     All conditions precedent to the filing of this lawsuit have been met, waived or excused.

<u>COUNT I</u>
<u>Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*</u>
**Against Igor Kovalchuk And Doe Defendants (Owners/Operators of Dr. Tuber.com)**

69.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above, and further state that:

70.     Plaintiffs hold the copyright on each of the infringed works alleged herein.

71.     Plaintiffs registered each copyright with the United States Copyright Office.

72.     At all pertinent times, Plaintiffs are the producers and registered owners of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

73.     Defendants copied, reproduced, reformatted, and distributed Plaintiffs' copyrighted works to Drtuber.com by and through servers and/or hardware owned, operated and/or controlled by Defendants.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

12 of 35

74.    Defendants did not have authority or license to copy and/or display Plaintiffs' original works.

75.    Defendants infringed Plaintiffs' copyrighted works by reproducing and distributing works through Defendants' website Drtuber.com without proper approval, authorization, or license of Plaintiffs.

76.    Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on Drtuber.com and further knew or should have known their acts constituted copyright infringement.

77.    Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

78.    Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

79.    The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

80.    Based on information and belief, Defendants actively uploaded and/or distributed pirated copyrighted files and/or embedded code, enabling users of Drtuber.com to view copyrighted videos and images for a fee.

81.    Defendants controlled the files owned by Plaintiffs and determined which files remained for display and distribution.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

13 of 35

82.     Defendants never adopted procedures to ensure that distribution of Plaintiffs' copyrighted materials would not occur. Further, Defendants never implemented or enforced a "repeat infringer" policy.

83.     Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

84.     Defendants, through Drtuber.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

85.     Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.*  At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiffs' registered copyrights.

86.     Because of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement. See 17 U.S.C. §501. Plaintiffs suffer and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

87.     The law permits Plaintiffs to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).17 U.S.C. §504(c).

88.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

89.     The law permits Plaintiffs injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

14 of 35

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Drtuber.com, Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.     That Plaintiffs be awarded enhanced damages and attorney's fees;

G.     That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.     That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.     That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT II
## Contributory Copyright Infringement
### Against All Defendants

90.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

91.     Unknown individuals, without authorization, reproduced and distributed Plaintiffs' works through Defendants' websites, directly infringing Plaintiffs copyrighted works.

92.     Defendants contributed to the infringing acts of those individuals.

93.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

16 of 35

94.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiffs' copyrighted works through Defendants' website without regard to copyright ownership.

95.     Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

96.     Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works, and thus to the direct infringement of Plaintiffs' copyrighted works.

97.     Defendants received direct financial benefits from the infringements.

98.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

99.     The unauthorized reproduction, distribution, and public display of Plaintiffs' copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiffs' consent and are not otherwise permissible under the Copyright Act.

100.    The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiffs' rights.

101.    As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

17 of 35

102. Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

103. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

(2) Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

(3) Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B. That Defendants be ordered to transfer the domain Drtuber.com, and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

18 of 35

domains, domains held by Defendants linked to www.Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

C.      That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.      That Plaintiffs be awarded enhanced damages and attorney's fees;

G.      That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.      That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.      That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

<div align="center">

**COUNT III**
**Vicarious Copyright Infringement**
**Against All Defendants**

</div>

104.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

19 of 35

105.     Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiffs' works through Defendants' website, directly infringing Plaintiffs' copyrighted works.

106.     Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

107.     Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

108.     Defendants contributed materially to the infringement.

109.     Defendants received direct financial gain and profit from those infringing activities.

110.     The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

111.     The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiffs' rights. As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiffs are entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

112.     Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

113.     Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

20 of 35

A.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)   Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

(2)   Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

(3)   Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.   That Defendants be ordered to transfer the domain Drtuber.com and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

C.   That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.   That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

21 of 35

E.      That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.      That Plaintiffs be awarded enhanced damages and attorney's fees;

G.      That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.      That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.      That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants

114.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

115.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiffs' copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiffs' copyrighted works through Defendants' website.

116.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiffs' copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works, and thus to the direct infringement of Plaintiffs' copyrighted works.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

22 of 35

117.   Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

118.   The infringement of Plaintiffs' rights in and to each of the Plaintiffs' copyrighted works constituted a separate and distinct infringement.

119.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiffs' rights.

120.   As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiffs are entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

121.   Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

122.   Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

23 of 35

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Drtuber.com and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.     That Plaintiffs be awarded enhanced damages and attorney's fees;

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

24 of 35

G.     That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.     That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.     That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

<div align="center">

**COUNT V**
**Trademark Infringement – 15 U.S.C. §§ 1111 et. seq.**
**Against Igor Kovalchuk And Doe Defendants (Owners/Operators of Dr. Tuber.com)**

</div>

123.   Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

124.   By virtue of its trademark registrations, Plaintiffs have the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

125.   Defendants' use of Plaintiffs' registered trademarks and service marks is in a manner likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

126.   Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and is causing irreparable hard to Plaintiffs for which there is no adequate remedy at law, thus Plaintiffs are entitled to statutory and treble damages.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart t, request the following relief:

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

25 of 35

A.   Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.   Finding that Defendants have and continue to infringe Plaintiff's '3152759 trademark in violation of 15 U.S.C. § 1114;

C.   Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

    (1)   Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

    (2)   Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

    (3)   Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.   That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

BeharBehar ● 1840 North Commerce Parkway ● Suite One ● Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

26 of 35

F.      That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

G.      That Defendants be ordered to transfer the domain Drtuber.com and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

H.      That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.      That pursuant to 15 U.S.C. § 1117 Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.      That the Court declare this to be an exceptional case and award Plaintiffs' reasonable attorney fees pursuant to 15 U.S.C. § 1117

K.      That Plaintiffs be awarded enhanced damages and attorney's fees;

L.      For all other damages to the extent permitted by law;

M.      Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

27 of 35

N.      Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT VI
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
### Against All Defendants

127.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

128.    By virtue of its trademark registrations, Plaintiffs have the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

129.    Defendants' actions that encouraged use of Plaintiffs' registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitute trademark infringement pursuant to 15 U.S.C. § 1114.

130.    Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law, thus Plaintiffs are entitled to statutory and treble damages.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.      Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642      F: 954-332-9260      W: BeharBehar.com

28 of 35

B.   Finding that Defendants have and continue to infringe Plaintiffs' '3152759 trademark in violation of 15 U.S.C. § 1114;

C.   Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)   Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

(2)   Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

(3)   Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.   That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.   That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

29 of 35

G.   That Defendants be ordered to transfer the domain Drtuber.com and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to DrTuber.com or Drtst.com, and the content therein to Plaintiff.

H.   That Plaintiffs' be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.   That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.   That the Court declare this to be an exceptional case and award Plaintiffs reasonable attorney fees pursuant to 15 U.S.C. § 1117;

K.   That Plaintiffs be awarded enhanced damages and attorney's fees;

L.   For all other damages to the extent permitted by law;

M.   Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.   Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

30 of 35

## COUNT VII
## False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.*
### Against All Defendants

131.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 and further state that:

132.    Upon information and belief, Defendants' conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiffs, or as to the origin, sponsorship or approval of their goods or commercial activities.

133.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiffs' marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

134.    Plaintiffs have been damaged by these acts in an amount to be proven at trial. Plaintiffs are also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.    Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.    Finding that Defendants have and continue to infringe Plaintiffs' '3152759 trademark in violation of 15 U.S.C. § 1114;

C.    Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

31 of 35

corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

    (1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com;

    (2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Drtuber.com and Drtst.com; and

    (3)    Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.    That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.    That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

G.    That Defendants be ordered to transfer the domain Drtuber.com and Drtst.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Drtuber.com or Drtst.com, and the content therein to Plaintiffs.

H.    That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants'

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

32 of 35

profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.      That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.      That the Court declare this to be an exceptional case and award Plaintiffs reasonable attorney fees pursuant to 15 U.S.C. § 1117;

K.      That Plaintiffs be awarded enhanced damages and attorney's fees;

L.      For all other damages to the extent permitted by law;

M.      Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.      Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT VIII
### Unauthorized Publication of Name and Likeness in Violation
### Of Section 540.08, Florida Statutes
### Against All Defendants

135.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 68 above and further state that:

136.    Plaintiffs' erotic photographs and motion pictures depict models who performed under contract.

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642      F: 954-332-9260      W: BeharBehar.com

33 of 35

137.    Said contract contains a release of each model's rights and interest for their appearance in an erotic motion picture, and an assignment in ownership of the same to Plaintiff.

138.    Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiffs' release agreement.

139.    Defendants' websites commercially exploit Plaintiffs' images without the Plaintiffs' knowledge or consent.

140.    Defendants gained pecuniary benefit from the unauthorized use of Plaintiffs' name, images and likeness.

141.    The Defendants use of Plaintiffs' name, images and likeness was not part of a bona fide news report, nor did it have a legitimate public interest, but rather, was used by Defendants for their sole commercial benefit.

142.    The use of Plaintiffs' name, image and likeness for commercial purposes, without express consent, violates Florida Statute §540.08.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.      That Defendants be enjoined from using the name, image, and likeness of any MetArt models for commercial, advertising, or any other unauthorized use on Drtuber.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, and domains held by Defendants linked to www.Drtuber.com and www.drtst.com;

B.      That Defendants be ordered to recover damages for any loss or injury resulting from Defendants' unauthorized use of Plaintiffs' name and likeness;

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

34 of 35

C.      That Defendants be ordered, pursuant to Florida Statute § 540.08 to pay Plaintiffs a

reasonable royalty, plus exemplary and/or punitive damages; and

D.      Such other and further preliminary and permanent relief be awarded to Plaintiffs as

the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby respectfully demand a jury trial as provided by Rule 38(a) of the Federal

Rules of Civil Procedure.

DATED:  November 18, 2015.

<div style="margin-left: 40%;">

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:      ___*/s/Aaron Behar*_____
         Aaron Behar, Esquire
         Florida Bar No.: 166286
         Jaclyn Behar, Esquire
         Florida Bar No.: 63833
         ***Counsel for Plaintiffs***

And:     Spencer D. Freeman
         Freeman Law Firm, Inc.
         1107 ½ Tacoma Avenue South
         Tacoma, WA 98402
         Telephone:  (253) 383-4500
         Facsimile:  (253) 383-4501
         E-mail: sfreeman@freemanlawfirm.org
         ***Counsel for Plaintiffs***
         (Moving for Admission pro hac vice)

</div>

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

35 of 35

| Registration Number | Infringing Link | Title |
|---|---|---|
| PA0001931426 | http://www.drtuber.com/video/534322/the-sexiest-cellist-woman-in-the-world | Cellist |
| PA0001931426 | http://www.drtuber.com/video/549571/the-sexiest-cellist-beauty-in-the-world | Cellist |
| PA0001931426 | http://www.drtuber.com/video/535468/the-sexiest-cellist-model-in-the-world | Cellist |
| PA0001931426 | http://www.drtuber.com/video/541623/the-sexiest-cellist-model-in-the-world | Cellist |
| PA0001931426 | http://www.drtuber.com/video/516720/the-sexiest-cellist-beauty-in-the-world | Cellist |
| PA0001931426 | http://drtuber.com/video/501761/the-sexiest-cellist-beauty-in-the-world | Cellist |
| PA0001931426 | http://drtuber.com/video/497284/the-sexiest-cellist-glamour-in-the-world | Cellist |
| PA0001931426 | http://drtuber.com/video/481345/the-sexiest-cellist-model-in-the-world | Cellist |
| PA0001931426 | http://drtuber.com/video/450402/the-sexiest-cellist-woman-in-the-world | Cellist |
| PA0001931426 | http://drtuber.com/video/446192/the-sexiest-cellist-glamour-in-the-world | Cellist |
| PA0001922480 | http://www.drtuber.com/video/2063679/ashley-woods-matt-ice-art | Kamasutra |
| VAu000674444 | http://p1.drtst.com/media/photos/tmb_new/1054603.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p2.drtst.com/media/photos/tmb_new/1054605.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p3.drtst.com/media/photos/tmb_new/1054606.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p4.drtst.com/media/photos/tmb_new/1054608.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p6.drtst.com/media/photos/tmb_new/1054610.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p5.drtst.com/media/photos/tmb_new/1054609.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p7.drtst.com/media/photos/tmb_new/1054612.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p0.drtst.com/media/photos/tmb_new/1054616.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p3.drtst.com/media/photos/tmb_new/1054620.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p1.drtst.com/media/photos/tmb_new/1054617.jpg | Met-art-esther-volume 69. |

EXHIBIT A

| VAu000674444 | http://p2.drtst.com/media/photos/tmb_new/1054619.jpg | Met-art-esther-volume 69. |
|---|---|---|
| VAu000674444 | http://p8.drtst.com/media/photos/tmb_new/1054613.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p9.drtst.com/media/photos/tmb_new/1054614.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p5.drtst.com/media/photos/tmb_new/1054623.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p4.drtst.com/media/photos/tmb_new/1054621.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p7.drtst.com/media/photos/tmb_new/1054626.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p9.drtst.com/media/photos/tmb_new/1054628.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p6.drtst.com/media/photos/tmb_new/1054624.jpg | Met-art-esther-volume 69. |
| VAu000674444 | http://p8.drtst.com/media/photos/tmb_new/1054627.jpg | Met-art-esther-volume 69. |
| VA0001297430 | http://p1.drtst.com/media/photos/tmb_new/1305894.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p2.drtst.com/media/photos/tmb_new/1305895.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p3.drtst.com/media/photos/tmb_new/1305897.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p4.drtst.com/media/photos/tmb_new/1305898.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p6.drtst.com/media/photos/tmb_new/1305902.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p5.drtst.com/media/photos/tmb_new/1305900.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p7.drtst.com/media/photos/tmb_new/1305904.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p8.drtst.com/media/photos/tmb_new/1305905.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p9.drtst.com/media/photos/tmb_new/1305908.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p1.drtst.com/media/photos/tmb_new/1305914.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297430 | http://p0.drtst.com/media/photos/tmb_new/1305911.jpg | Met-Art-Greenman : vol. 22. |
| VA0001297425 | http://p1.drtst.com/media/photos/tmb_new/1285676.jpg | Met-Art-Stuart vol 48 |
| VA0001297425 | http://p2.drtst.com/media/photos/tmb_new/1285678.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p3.drtst.com/media/photos/tmb_new/1285679.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p4.drtst.com/media/photos/tmb_new/1285681.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p5.drtst.com/media/photos/tmb_new/1285682.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p6.drtst.com/media/photos/tmb_new/1285683.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p7.drtst.com/media/photos/tmb_new/1285684.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p8.drtst.com/media/photos/tmb_new/1285685.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p9.drtst.com/media/photos/tmb_new/1285686.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297425 | http://p0.drtst.com/media/photos/tmb_new/1285687.jpg | Met-Art-Stuart : vol. 48. |
| VA0001297416 | http://p8.drtst.com/media/albums/new/77851.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p1.drtst.com/media/photos/tmb_new/1020707.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p7.drtst.com/media/photos/tmb_new/1020720.jpg | Met-Art-white : vol. 35. |

EXHIBIT A

| VA0001297416 | http://p2.drtst.com/media/photos/tmb_new/1020709.jpg | Met-Art-white : vol. 35. |
|---|---|---|
| VA0001297416 | http://p8.drtst.com/media/photos/tmb_new/1020722.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p3.drtst.com/media/photos/tmb_new/1020711.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p9.drtst.com/media/photos/tmb_new/1020724.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p4.drtst.com/media/photos/tmb_new/1020713.jpg | Met-Art-white : vol. 35. |
| VA0001297416 | http://p5.drtst.com/media/photos/tmb_new/1020715.jpg | Met-Art-white : vol. 35. |
| VA0001929048 | http://p1.drtst.com/media/photos/tmb_new/1052874.jpg | Milliou |
| VA0001929048 | http://p2.drtst.com/media/photos/tmb_new/1052875.jpg | Milliou |
| VA0001929048 | http://p3.drtst.com/media/photos/tmb_new/1052876.jpg | Milliou |
| VA0001929048 | http://p4.drtst.com/media/photos/tmb_new/1052877.jpg | Milliou |
| VA0001929048 | http://p5.drtst.com/media/photos/tmb_new/1052878.jpg | Milliou |
| VA0001929048 | http://p6.drtst.com/media/photos/tmb_new/1052879.jpg | Milliou |
| VA0001929048 | http://p7.drtst.com/media/photos/tmb_new/1052880.jpg | Milliou |
| VA0001929048 | http://p0.drtst.com/media/photos/tmb_new/1052883.jpg | Milliou |
| VA0001929048 | http://p8.drtst.com/media/photos/tmb_new/1052881.jpg | Milliou |
| VA0001929048 | http://p1.drtst.com/media/photos/tmb_new/1052884.jpg | Milliou |
| VA0001929048 | http://p9.drtst.com/media/photos/tmb_new/1052882.jpg | Milliou |
| VA0001929048 | http://p2.drtst.com/media/photos/tmb_new/1052885.jpg | Milliou |
| VA0001929048 | http://p9.drtst.com/media/photos/tmb_new/1052892.jpg | Milliou |
| VA0001929048 | http://p5.drtst.com/media/photos/tmb_new/1052888.jpg | Milliou |
| VA0001929048 | http://p3.drtst.com/media/photos/tmb_new/1052886.jpg | Milliou |
| VA0001929048 | http://p7.drtst.com/media/photos/tmb_new/1052890.jpg | Milliou |
| VA0001929048 | http://p6.drtst.com/media/photos/tmb_new/1052889.jpg | Milliou |
| VA0001929048 | http://p8.drtst.com/media/photos/tmb_new/1052891.jpg | Milliou |
| VA0001929052 | http://p1.drtst.com/media/photos/tmb_new/1088889.jpg | Orea |
| VA0001929052 | http://p6.drtst.com/media/photos/tmb_new/1088894.jpg | Orea |
| VA0001929052 | http://p2.drtst.com/media/photos/tmb_new/1088890.jpg | Orea |
| VA0001929052 | http://p7.drtst.com/media/photos/tmb_new/1088895.jpg | Orea |
| VA0001929052 | http://p3.drtst.com/media/photos/tmb_new/1088891.jpg | Orea |
| VA0001929052 | http://p8.drtst.com/media/photos/tmb_new/1088896.jpg | Orea |
| VA0001929052 | http://p4.drtst.com/media/photos/tmb_new/1088892.jpg | Orea |
| VA0001929052 | http://p9.drtst.com/media/photos/tmb_new/1088897.jpg | Orea |
| VA0001929052 | http://p5.drtst.com/media/photos/tmb_new/1088893.jpg | Orea |

| VA0001929052 | http://p0.drtst.com/media/photos/tmb_new/1088898.jpg | Orea |
|---|---|---|
| VA0001932011 | http://p1.drtst.com/media/photos/tmb_new/1028710.jpg | Presenting Zlatka |
| VA0001932011 | http://p2.drtst.com/media/photos/tmb_new/1028711.jpg | Presenting Zlatka |
| VA0001932011 | http://p3.drtst.com/media/photos/tmb_new/1028712.jpg | Presenting Zlatka |
| VA0001932011 | http://p4.drtst.com/media/photos/tmb_new/1028713.jpg | Presenting Zlatka |
| VA0001932011 | http://p5.drtst.com/media/photos/tmb_new/1028714.jpg | Presenting Zlatka |
| VA0001932011 | http://p6.drtst.com/media/photos/tmb_new/1028715.jpg | Presenting Zlatka |
| VA0001932011 | http://p7.drtst.com/media/photos/tmb_new/1028716.jpg | Presenting Zlatka |
| VA0001932011 | http://p8.drtst.com/media/photos/tmb_new/1028717.jpg | Presenting Zlatka |
| VA0001932011 | http://p9.drtst.com/media/photos/tmb_new/1028718.jpg | Presenting Zlatka |
| VA0001932011 | http://p0.drtst.com/media/photos/tmb_new/1028719.jpg | Presenting Zlatka |
| VA0001932011 | http://p1.drtst.com/media/photos/tmb_new/1028720.jpg | Presenting Zlatka |
| VA0001932011 | http://p7.drtst.com/media/photos/tmb_new/1028726.jpg | Presenting Zlatka |
| VA0001932011 | http://p2.drtst.com/media/photos/tmb_new/1028721.jpg | Presenting Zlatka |
| VA0001932011 | http://p6.drtst.com/media/photos/tmb_new/1028725.jpg | Presenting Zlatka |
| VA0001932011 | http://p3.drtst.com/media/photos/tmb_new/1028722.jpg | Presenting Zlatka |
| VA0001932011 | http://p8.drtst.com/media/photos/tmb_new/1028727.jpg | Presenting Zlatka |
| VA0001932011 | http://p4.drtst.com/media/photos/tmb_new/1028723.jpg | Presenting Zlatka |
| VA0001932011 | http://p5.drtst.com/media/photos/tmb_new/1028724.jpg | Presenting Zlatka |
| VA0001930084 | http://www.drtuber.com/album/135210/orabelle | Sospita |
| PA0001931987 | http://www.drtuber.com/video/2062833/alexis-brill-amarna-miller-threesomes | Waltz With Me - Spring |
| PA0001931424 | http://www.drtuber.com/video/2006737/alexis-brill-amarna-miller-taylor-sands-franck-franco | Waltz With Me - Winter |
| PA0001948645 | http://www.drtuber.com/video/2114293/ariel-piper-fawn-and-victoria-daniels | VINTAGE COLLECTION - ENJOY |

# EXHIBIT "B"

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court     **U.S.D.C., Southern District of Florida**     on the following
⬤ Trademarks or ⬤ Patents. ( ⬤ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>11/6/2015 | U.S. DISTRICT COURT<br>U.S.D.C., Southern District of Florida | |
|---|---|---|---|
| **PLAINTIFF**<br><br>Hydentra HLP Int. Limited | | **DEFENDANT**<br><br>Era Technologies, Ltd.; Igor Kovalchukl; Webzille, Inc.,<br>WZ Communications, Inc. | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1   4191754 | 8/14/2012 | Hydentra HLP Int. Limited |
| 2   3152759 | 10/10/2006 | Hydentra HLP Int. Limited |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>⬤ Amendment    ⬤ Answer    ⬤ Cross Bill    ⬤ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

✎ AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION ☐ APPEAL | COURT NAME AND LOCATION<br>**U.S. DISTRICT COURT** |
|---|---|
| DOCKET NO. | DATE FILED<br>11/6/2015 | **SOUTHERN DISTRICT OF FLORIDA** |

| PLAINTIFF<br>Hydentra HLP Int. Limited | DEFENDANT<br>Era Technologies, Ltd.; Igor Kovalchuki; Webzille, Inc., WZ Communications, Inc. |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 VAu000674414 | Met-Art-Vels Vol 103 | Hydentra HLP Int. Ltd. |
| 2 VA0001297416 | Met-Art-White vol 35 | Hydentra HLP Int. Ltd. |
| 3 VA0001929048 | Milliou | Hydentra HLP Int. Ltd. |
| 4 VA0001929052 | Orea | Hydentra HLP Int. Ltd. |
| 5 VA0001929054 | Pakisia | Hydentra HLP Int. Ltd. |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill | ☐ Other Pleading |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**

1) Upon initiation of action, mail copy to Register of Copyrights   2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights   3) Upon termination of action, mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court   5) Case File Copy

✎ AO 121 (6/90)

| TO: | | |
|-----|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION        ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO.                DATE FILED<br>                                       11/6/2015 | U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |
| PLAINTIFF<br>Hydentra HLP Int. Limited | DEFENDANT<br>Era Technologies, Ltd.; Igor Kovalchuk; Webzille, Inc.,<br>WZ Communications, Inc. |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 VA0001930090 | Presenting Candice | Hydentra HLP Int. Ltd. |
| 2 VA0001930086 | Presenting Emilie | Hydentra HLP Int. Ltd. |
| 3 VA0001930078 | Presenting Grace by Luca Helios | Hydentra HLP Int. Ltd. |
| 4 VA0001931962 | Presenting Izabella | Hydentra HLP Int. Ltd. |
| 5 VA0001930082 | Presenting Sveta | Hydentra HLP Int. Ltd. |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment       ☐ Answer       ☐ Cross Bill       ☐ Other Pleading | | |
|---|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | | AUTHOR OF WORK |
| 1 | | | |
| 2 | | | |
| 3 | . | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order       ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes       ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

DISTRIBUTION:
1) Upon initiation of action,<br>mail copy to Register of Copyrights          2) Upon filing of document adding copyright(s),<br>mail copy to Register of Copyrights          3) Upon termination of action,<br>mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court          5) Case File Copy

✎ AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO. | DATE FILED<br>11/6/2015 | **U.S. DISTRICT COURT**<br>**SOUTHERN DISTRICT OF FLORIDA** |

| PLAINTIFF | DEFENDANT |
|---|---|
| Hydentra HLP Int. Limited | Era Technologies, Ltd.; Igor Kovalchukl; Webzille, Inc.,<br>WZ Communications, Inc. |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 VA0001932011 | Presenting Zlatka | Hydentra HLP Int. Ltd. |
| 2 VA0001930037 | Sennika | Hydentra HLP Int. Ltd. |
| 3 VA0001930084 | Sospita | Hydentra HLP Int. Ltd. |
| 4 VA0001930088 | Spontaneous by Oleg Morenko | Hydentra HLP Int. Ltd. |
| 5 PA0001931987 | Waltz With Mr - Spring | Hydentra HLP Int. Ltd. |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

DISTRIBUTION:
1) Upon initiation of action,
   mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights
3) Upon termination of action,
   mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

AO 121 (6/90)

| TO: | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION  ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO. | DATE FILED<br>11/6/2015 | U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |

| PLAINTIFF | DEFENDANT |
|---|---|
| Hydentra HLP Int. Limited | Era Technologies, Ltd.; Igor Kovalchukl; Webzille, Inc., WZ Communications, Inc. |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 PA0001931424 | Waltz WIth Me - WInter | Hydentra HLP Int. Ltd. |
| 2 1-2514187810 | Vintage Collection | Hydentra HLP Int. Ltd. |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment      ☐ Answer      ☐ Cross Bill      ☐ Other Pleading |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

DISTRIBUTION:

1) Upon initiation of action, mail copy to Register of Copyrights   2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights   3) Upon termination of action, mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court   5) Case File Copy

✎ AO 121 (6/90)

| TO: | | REPORT ON THE |
|---|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION        ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO. | DATE FILED 11/6/2015 | U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |
| PLAINTIFF<br>Hydentra HLP Int. Limited | DEFENDANT<br>Era Technologies, Ltd.; Igor Kovalchuk; Webzille, Inc., WZ Communications, Inc. |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 PA0001931426 | Cellist | Hydentra HLP Int. Ltd. |
| 2 VAu000674444 | Met-art-esther-volume 69 | Hydentra HLP Int. Ltd. |
| 3 VA0001297455 | Met-Art-Goncharov Vol 49 | Hydentra HLP Int. Ltd. |
| 4 VA0001297430 | Met-Art-Greeman Vol 22 | Hydentra HLP Int. Ltd. |
| 5 VA0001297425 | Met-Art-Stuart Vol 48 | Hydentra HLP Int. Ltd. |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY  ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED  ☐ Order  ☐ Judgment | WRITTEN OPINION ATTACHED  ☐ Yes  ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

DISTRIBUTION: 1) Upon initiation of action, mail copy to Register of Copyrights   2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights   3) Upon termination of action, mail copy to Register of Copyrights   4) In the event of an appeal, forward copy to Appellate Court   5) Case File Copy

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

9   HYDENTRA, L.P. HLP GENERAL
    PARTNER, INC, a foreign corporation, d/b/a
10  METART d/b/a SEXART;  HYDENTRA HLP          Case No.:
    INT. LIMITED, a foreign corporation, d/b/a
11  METART d/b/a SEXART; and HYDENTRA           **PLAINTIFF HYDENTRA HLP INT.**
    LP, a foreign corporation, d/b/a METART d/b/a   **LIMITED'S FED.R.CIV.P. 7.1**
12  SEXART                                      **CORPORATE DISCLOSURE**
                                                **STATEMENT**
13              Plaintiffs,

14              vs.

15  ERA TECHNOLOGIES, LTD, a British Virgin
    Islands company, individually and d/b/a
16  DRTUBER.COM and d/b/a Drtst.com;  IGOR
    KOVALCHUK, individually and d/b/a
17  DRTUBER.COM and d/b/a Drtst.com;
    WEBZILL INC.; WZ COMMUNICATIONS
18  INC.; and John Does 1-20,

19
                Defendants
20

21

22          Pursuant to Fed.R.Civ.P. 7.1, Plaintiff Hydentra HLP Int. Limited, through its attorney,

23  Spencer D. Freeman, Freeman Law Firm, Inc., provides the following corporate disclosure

24  statement:

25          Hydentra HLP Int. Limited has no parent corporation, is not publicly traded, and does not

26  have a publicly traded corporation owning ten percent (10%) or more of its stock.

PLAINTIFF.'S FED.R.CIV.P. 7.1 CORPORATE
DISCLOSURE STATEMENT
1

1

2      RESPECTFULLY SUBMITTED this 10th day of March 2015.

3

4                  FREEMAN LAW FIRM, INC.

5

6                    _____/s/ Spencer D. Freeman_____

7                    Spencer D. Freeman, WSBA#25069
                       1107 ½ Tacoma Avenue South

8                    Tacoma, WA 98402
                    Telephone: (253) 383-4500

9                    Facsimile:  (253) 383-4501
                    Email: sfreeman@freemanlawfirm.org

10

11                 Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF.'S FED.R.CIV.P. 7.1 CORPORATE
DISCLOSURE STATEMENT
2