**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA L.P. HLP GENERAL PARTNER, INC., a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART, <br><br> Plaintiffs, <br><br> v. <br><br> ERA TECHNOLOGIES, LTD, a British Virgin Islands company, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM; IGOR KOVALCHUCK, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM; WEBZILLA INC.; WZ COMMUNICATIONS, INC.; and John Does 1-20, <br><br> Defendants. | **Case No.** <br> **1:15-cv-24293-MGC** |

## WEBZILLA INC. AND WZ COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

The Internet Service Provider Defendants Webzilla Inc. and WZ Communications, Inc.

("ISP Defendants"), for their Answer to the Complaint for Damages, Injunctive Relief and

Demand for Jury Trial of Plaintiffs Hydentra L.P. HLP General Partner, Inc., Hydentra HLP Int.

Limited and Hydentra LP ("Plaintiffs") answer as follows:

1

## JURISDICTION AND VENUE

1.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

2.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

3.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

4.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

5.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

6.      ISP Defendants admit only that Webzilla, Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for Webzilla, Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that *Webzilla Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere*.  ISP Defendants state further that they do not direct, control, or assist in determining the content on the DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of Webzilla, Inc., Webzilla, Inc. provides server space only to its clients (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of Webzilla, Inc.

7.      ISP Defendants admit only that WZ Communications Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for WZ

Communications Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that ***WZ Communications Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere***.  ISP Defendants state further that they do not direct, control, or assist in determining the content on the DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of WZ Communications Inc., WZ Communications Inc. provides internet connectivity only (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of either ISP Defendant.

8.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

9.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

10.     ISP Defendants state that this allegation is so ambiguous and incomprehensible that it is impossible for ISP Defendants to appropriately admit or deny the allegations of this paragraph and therefore deny the same.

11.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

12.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

13.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary to the remaining portions of this paragraph: ISP Defendants admit only that the ISP Defendants transact business in this Judicial District and deny the remaining allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

14.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

15.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

16.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

17.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

18.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

**PARTIES**

19.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

30.     ISP Defendants deny the allegations of this paragraph.  In answering further ***ISP Defendants state that they are not even Internet Service Providers for Drtuber.com or Drtst.com and are not beneficiaries or operators of Drtuber.com or Drtst.com, nor do they direct, control or assist in determining the content displayed on drtuber.com, whether directly or through assigns***.

31.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

32.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

33.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

34.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

35.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

36.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

37.     This paragraph contains a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

38.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

39.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

## STATEMENT OF FACTS

40.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

41.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

42.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

43.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

44.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

45.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

46.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

47.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

48.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

49.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

50.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

51.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

52.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

53.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

54.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

55.     ISP Defendants deny the allegations of this paragraph.

56.     ISP Defendants deny the allegations of this paragraph.

57.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

58.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

59.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

60.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

61.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as

such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

62.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

63.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

64.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

65.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

66.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

67.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

68.     ISP Defendants deny the allegations of this paragraph.

### COUNT I
### Copyright Infringement – 17 U.S.C. § 101 *et. seq.*
### Against Igor Kovalchuck and Doe Defendants (Owners/Operators of Dr. Tuber.com)

69.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 68 above and further respond that:

70.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

71.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

72.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

73.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they

relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

74.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, this Count is not brought against ISP Defendants.  To the extent that a response is deemed necessary, , ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

75.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

76.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

77.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to

admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

78.     This paragraph states a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

79.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

80.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

81.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

82.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

83.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

84.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

85.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

86.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a

response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

87.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

88.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

89.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

16

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

### COUNT II
### Contributory Copyright Infringement
### Against All Defendants

90.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 90 above and further respond that:

91.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

92.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

93.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

94.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

95.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

96.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

97.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

98.      This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

99.      This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

100.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

101.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

102.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

103.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

<u>**COUNT III**</u>
<u>**Vicarious Copyright Infringement**</u>
**Against All Defendants**

104.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 103 above and further respond that:

105.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

106.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

107.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

108.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

109.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

110.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

111.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

112.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

113.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.     That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

**COUNT IV**
**Inducement of Copyright Infringement**
**Against All Defendants**

114.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 113 above and further respond that:

115.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

116.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

117.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

118.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

119.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

22

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

120.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

121.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

122.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

<u>**COUNT V**</u>
**<u>Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*</u>**
**Against Igor Kovalchuck and Doe Defendants (Owners/Operators of Dr. Tuber.com)**

123.    This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 122 above and further respond that:

124.    This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

125.    This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

126.    This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

### COUNT VI
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
### Against all Defendants

127.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 126 above and further respond that:

128.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

129.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

130.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.      That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

**COUNT VII**
**False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.***
**Against all Defendants**

131.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 130 above and further respond that:

132.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

133.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

134.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

**COUNT VIII**
**Unauthorized Publication of Name and Likeness in Violation**
**of Section 540.08, Florida Statutes**
**Against all Defendants**

135.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 130 above and further respond that:

136.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

137.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

138.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

139.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

140.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

27

141.    ISP Defendants deny the allegations of this paragraph as they relate to ISP

Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the

same.

142.    This paragraph contains conclusions of law for which no response is necessary,

but to the extent a response is deemed necessary ISP Defendants deny the allegations of this

paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this

Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees

incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DENIALS

1.    The Complaint is barred, in whole or in part, by the doctrine of copyright misuse.

Specifically, but without limitation, Plaintiffs' filing of this case, putative strategies for

protecting their copyrights, general litigation strategies and intentional disregard of the Digital

Millennium Copyright Act ("DMCA") (including the rights and safeguards it affords to both

copyright owners and internet service providers) show a clear intent by Plaintiffs to use their

copyrights for a purpose other than which they were intended.  Specifically, but without

limitation, Plaintiffs are using their copyrights and this lawsuit (along with a score of other

lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of the DMCA to properly protect their copyrights.  On information and belief, over the course of 12 months, the Plaintiffs have filed almost a dozen near-identical litigations seeking not to protect their legitimate rights, but rather because they seek to use the harassment value of such litigations as a way to secure lucrative settlements from the defendants.  The Plaintiffs' actions in failing to follow the DMCA's takedown process or work cooperatively with defendants to ensure the removal of allegedly infringing materials are not the actions of rightsholders looking to legitimately protect their interests.  Additionally, on information and belief, the Plaintiffs made no effort to consider whether the individuals who posted materials to websites referenced in the Complaint were protected by the doctrine of fair use.

2.      The Complaint is barred, in whole or in part, and Plaintiffs are barred from equitable recovery, by the doctrine of unclean hands.  Specifically, but without limitation, Plaintiffs' filing of this case, putative strategies at protecting their copyrights, trademarks and business, general litigation strategies and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiffs to use their intellectual property rights and the legal system for purposes other than which they were intended.  Specifically, but without limitation, Plaintiffs are using their intellectual property rights, the court system and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of law to properly protect their rights.  Additionally, on information and belief, certain of the files in suit were uploaded by the Plaintiffs' own affiliates.

29

3.      ISP Defendants' actions and omissions as alleged, which ISP Defendants deny, constitute fair use, and as such, the Complaint, in whole or in part, must fail.  Specifically, but without limitation, the appearance of Plaintiffs' trademarks and trade names used in conjunction or relation with Plaintiffs' actual works constitute traditional fair use and/or nominative fair use. In addition, the Plaintiffs have failed to properly consider whether the individuals posting to the websites referenced in the Complaint were entitled to do so under the doctrine of fair use.

4.      The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that ISP Defendants engaged in the infringement of Plaintiffs' intellectual property rights, which ISP Defendants deny, such infringement was unintentional and without knowledge and therefore ISP Defendants are either not liable for such infringements or the damages that may be obtained against them are limited.

5.      The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of ISP Defendants' actions or omissions.  Specifically, but without limitation, ISP Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiffs which were a natural, direct and uninterrupted consequence of their actions or omissions.  To the contrary, to the extent Plaintiffs suffered any damages, they were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiffs' works, trademarks and trade names).

6.      The Complaint is barred, in whole or in part, because ISP Defendants do not host the websites at issue in this litigation and allegations to the contrary violate Plaintiffs' duties of reasonable investigation under F.R.C.P. 11.

7.      The Complaint is barred, in whole or in part, because ISP Defendants do not exercise any control over (and could not possibly exercise control over) the content that appears at the websites at issue in this litigation and allegations to the contrary violate Plaintiffs' duties of reasonable investigation under F.R.C.P. 11.

8.      Plaintiffs are not entitled to injunctive relief because they have not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiffs have suffered any harm, which ISP Defendants deny, any such harm can be fully remedied by monetary damages only.

9.      Plaintiffs cannot recover damages from ISP Defendant to the extent that damages alleged by Plaintiffs are speculative or uncertain.  Specifically, but without limitation, Plaintiffs are not entitled to actual damages because it is impossible with any certainty to demonstrate that they lost any actual profits from the alleged infringement or that ISP Defendants made any profits attributable directly to the alleged infringement.

10.     Plaintiffs cannot recover damages from ISP Defendants to the extent that Plaintiffs failed to mitigate their alleged damages.  Specifically, but without limitation, to the extent that Plaintiffs failed to promptly report any alleged infringement they learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiffs failed to mitigate their alleged damages.

11.     Plaintiffs have failed to comply with the requirements of the Digital Millennium Copyright Act ("DMCA") and, as such, the Complaint must fail in whole or in part. Specifically, but without limitation, ISP Defendants are entitled to the safe harbors of the DMCA and ISP Defendants are not liable for monetary relief or injunctive relief (except as explicitly provided therein) unless the conditions of the DMCA have been met, including, without

limitation, that Plaintiffs first notify ISP Defendants of a claimed infringement and afford the proper time for ISP Defendants to respond to such notification.  In addition, the Plaintiffs failed to consider the fair use doctrine before sending takedown notices and/or initiating the present litigation.

12.     ISP Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, ISP Defendants have, *inter alia*, registered an agent with the copyright office for the receipt of takedown notices, do not know of any specific instances of infringement on the websites and when they receives knowledge or notification work expeditiously to remove such instances, accommodate and do not interfere with standard technical measures to protect copyrights, have adopted, reasonably implemented and informed users of a repeat infringer policy and do not receive financial benefit directly attributable to any allegedly infringing material.

13.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of ISP Defendants, nor within ISP Defendants' reasonable control.  Specifically, but without limitation, if any material was available on the websites at issue in this litigation infringed upon Plaintiffs' rights, they were not made available by ISP Defendants and could not be reasonably controlled by ISP Defendants.  Under precedent from this Court, the actions of the ISP Defendants do not constitute direct infringement.

14.     ISP Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, ISP Defendants acted in all times in accordance with the provisions of the Digital Millennium Copyright Act and therefore cannot be liable for claims of copyright infringement.  Furthermore, ISP Defendants cannot be liable for the actions and

omissions of the users, who are third parties not controlled by ISP Defendants, of the websites owned and operated by third parties not controlled by ISP Defendants.

15.     The Complaint fails, in whole or in part, because ISP Defendants lacked the necessary volition required to state a claim for direct copyright infringement.  Specifically, but without limitation, because ISP Defendants themselves did not make available any of the allegedly infringing works on the websites, but on the contrary such works were uploaded to third-party owned and operated websites by yet other third parties, ISP Defendants cannot be liable for direct copyright infringement.

16.     The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.  Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between ISP Defendants and Plaintiffs or be confused as to the origin, producer or manufacturer of the works on the websites at issue in this litigation.

17.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against ISP Defendants or for any alleged single wrong.  Specifically, but without limitation, Plaintiffs have alleged multiple alternative theories of liabilities against ISP Defendants for the same single alleged wrongs, and are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

ISP Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  ISP Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete

33

affirmative defenses that they determine are not applicable during the course of subsequent discovery.

**<u>ISP DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE</u>**

**Respectfully submitted:**

/s/ Valentin Gurvits

Valentin D. Gurvits (*pro hac vice application forthcoming*)
Matthew Shayefar (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com


/s/ Evan Fray-Witzer

Evan Fray-Witzer (*pro hac vice application forthcoming*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com


*Attorneys for Defendants*
*Webzilla Inc. and WZ Communications*
*Inc.*

Dated: December 16, 2015

/s/ Brady J. Cobb

Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

35

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 16th day of December, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

**1:15-cv-24293-MGC**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHAR BEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com